IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**MANUEL H. ARCHULETA,**

      **Plaintiff,**

v.                                                                   No. CIV-13-0731 LAM

**CAROLYN W. COLVIN, Acting Commissioner
of the Social Security Administration,**

      **Defendant.**

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Plaintiff's *Motion to Reverse and Remand for a Rehearing, With Supporting Memorandum (Doc. 17)*, filed April 28, 2014 (hereinafter "motion"). On June 27, 2014, Defendant filed a response to the motion [*Doc. 18*], and, on July 14, 2014, Plaintiff filed a reply [*Doc. 21*]. On December 19, 2014, this case was reassigned to the undersigned. [*Doc. 23*]. In accordance with 28 U.S.C. § 636(c)(1), the parties have consented to the undersigned to conduct all proceedings and enter a final judgment in this case. *See* [*Docs. 24* and *26*]. The Court has considered Plaintiff's motion, Defendant's response, Plaintiff's reply, and the relevant law. Additionally, the Court has meticulously reviewed and considered the entire administrative record. [*Doc. 14*]. For the reasons set forth below, the Court **FINDS** that Plaintiff's motion should be **GRANTED** and the decision of the Commissioner of the Social Security (hereinafter "Commissioner") should be **REMANDED** for further proceedings consistent with this Memorandum Opinion and Order.

## I.   Procedural History

On August 5, 2009, Plaintiff filed applications for Supplemental Security Income (hereinafter "SSI") and Disability Insurance Benefits (hereinafter "DIB"), respectively, alleging that he became disabled on June 5, 2009.  [*Doc. 14-7* at 4-8 and 9-10, respectively].  Plaintiff stated that he became disabled due to "Left foot problems, depression."  [*Doc. 14-8* at 6].  Both of his applications were denied at the initial level on February 17, 2010 (*Doc. 14-5* at 5-9), and each application was denied at the reconsideration level on July 7, 2010 (*id.* at 14-17 and 11-13, respectively).  Pursuant to Plaintiff's request (*id.* at 18-19), Administrative Law Judge Frederick Upshall, Jr. (hereinafter "ALJ") conducted a hearing on April 29, 2011.  [*Doc. 14-3* at 30-52].  At the hearing, Plaintiff was present, was represented by counsel and testified.  *Id.* at 32, 35-48.  In addition, Vocational Expert (hereinafter "VE"), Pamela Bowman was present and testified.  *Id.* at 32, 48-51.

On November 10, 2011, the ALJ issued his decision, finding that, under the relevant sections of the Social Security Act, Plaintiff was not disabled.  [*Doc. 14-3* at 16-29].  Plaintiff requested that the Appeals Council review the ALJ's decision (*id.* at 13), and, on June 7, 2013, the Appeals Council denied Plaintiff's request for review (*id.* at 2-4), which made the ALJ's decision the final decision of the Commissioner.  On August 8, 2013, Plaintiff filed his complaint in this case.  [*Doc. 1*].

## II.   Standard of Review

The standard of review in a Social Security appeal is whether the Commissioner's final decision is supported by substantial evidence and whether the correct legal standards were applied.  *Maes v. Astrue*, 522 F.3d 1093, 1096 (10th Cir. 2008) (citing *Hamilton v. Sec'y of Health & Human Servs.*, 961 F.2d 1495, 1497–98 (10th Cir. 1992)).  If substantial evidence

2

supports the ALJ's findings and the correct legal standards were applied, the Commissioner's decision stands, and the plaintiff is not entitled to relief.  *See Langley v. Barnhart*, 373 F.3d 1116, 1118 (10th Cir. 2004); *Hamlin v. Barnhart*, 365 F.3d 1208, 1214 (10th Cir. 2004); *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003).  Courts should meticulously review the entire record but should neither re-weigh the evidence nor substitute its judgment for that of the Commissioner.  *Hamlin*, 365 F.3d at 1214; *Langley*, 373 F.3d at 1118.

"Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Langley*, 373 F.3d at 1118 (citation and quotation marks omitted); *Hamlin*, 365 F.3d at 1214 (citation and quotation marks omitted); *Doyal*, 331 F.3d at 760 (citation and quotation marks omitted).  An ALJ's decision "is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it."  *Langley*, 373 F.3d at 1118 (citation and quotation marks omitted); *Hamlin*, 365 F.3d at 1214 (citation and quotation marks omitted).  While a court may not re-weigh the evidence or try the issues *de novo*, its examination of the record as a whole must include "anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met."  *Grogan v. Barnhart*, 399 F.3d 1257, 1262 (10th Cir. 2005) (citations omitted).  "The possibility of drawing two inconsistent conclusions from the evidence does not prevent [the ALJ]'s findings from being supported by substantial evidence."  *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (citing *Zoltanski v. F.A.A.*, 372 F.3d 1195, 1200 (10th Cir. 2004)).

### III. Applicable Law and Sequential Evaluation Process

For purposes of DIB and SSI, a person establishes a disability when he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or

mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). In light of this definition for disability, a five-step sequential evaluation process (SEP) has been established for evaluating a disability claim. 20 C.F.R. §§ 404.1520, 416.920; *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). At the first four steps of the SEP, the claimant has the burden to show that: (1) the claimant is not engaged in "substantial gainful activity;" and (2) the claimant has a "severe medically determinable . . . impairment . . . or a combination of impairments" that has lasted or is expected to last for at least one year; and either (3) the claimant's impairment(s) either meet(s) or equal(s) one of the "Listings" of presumptively disabling impairments; or (4) the claimant is unable to perform his "past relevant work." 20 C.F.R. §§ 404.1520(a)(4)(i–iv), 416.920(a)(4)(i–iv); *Grogan*, 399 F.3d at 1261. At the fifth step of the evaluation process, the burden of proof shifts to the Commissioner to show that the claimant is able to perform other work in the national economy, considering his residual functional capacity (hereinafter "RFC"), age, education, and work experience. *Grogan*, 399 F.3d at 1261.

## IV. Plaintiff's Age, Education, Work Experience, and Medical History; and the ALJ's Decision

Plaintiff was born on July 25, 1979. [*Doc. 14-7* at 4]. Plaintiff has held the following jobs: buffet cook, cabinet setter, charge maker, cook, car detailer, laborer, line cook, locksmith, machine operator, cabinet worker, mechanic helper, order filler, prep cook, primary technician, and asbestos remover. [*Doc. 14-8* at 7]. Plaintiff alleges that he is unable to work because of "Left foot problems, depression." *Id.* at 6. Plaintiff's medical records include: documents from George Ochs, D.P.M. (*Doc. 14-10* at 38), Ernesto Herfter, M.D. (*id.* at 11, *Doc. 14-11* at 14, 15 and 25), Adrianne Aboytes-Lund, P.T. (*Doc. 14-10* at 10-12), and Jeanne Pierrot, LPCC

(*Doc. 14-13* at 48); a Physical Residual Functional Capacity Assessment by Lawrence Kuo, M.D., dated February 2, 2010 (*Doc. 14-13* at 3-10); a Psychiatric Review Technique by Nancy K. Morrison, M.D., dated February 16, 2010 (*id.* at 11-24); a Psychiatric Diagnostic Interview Examination by Jeanne Corns, APRN, BC, dated February 24, 2010 (*id.* at 35-36); two Case Analyses, one by N.D. Nickerson, M.D., dated June 18, 2010 (*id.* at 51), and one by Elizabeth Chiang, M.D., dated July 7, 2010 (*id.* at 52); a Medical Assessment of Ability To Do Work-Related Activities (Physical) by Ernesto Herfter, M.D., dated April 20, 2010 (*Doc. 14-14* at 7-8); an Evaluation and Management Services Visit by Jeanne Corns, CNS/CNP, dated April 1, 2010 (*id.* at 18-19); and a Medical Assessment of Ability To Do Work-Related Activities by Greg Maroney, PA, dated April 18, 2011 (*id.* at 41). Where relevant, Plaintiff's medical records are discussed in more detail below.

At step one of the five-step evaluation process, the ALJ found that Plaintiff engaged in substantial gainful activity between July 1, 2010 and the present. [*Doc. 14-3* at 21]. The ALJ stated that Plaintiff "returned to full-time work at above the level of substantial gainful activity in July 2010." *Id.* The ALJ found that there was a continuous 12-month period during which Plaintiff did not engage in substantial gainful activity (June 2009 through July 2010); however, the ALJ found that Plaintiff's medical impairments did not render him unable to work until August 2009. *Id.* at 21-22. Therefore, the ALJ found that Plaintiff "did not have a continuous 12-month period during which he did not engage in substantial gainful activity due to his medical impairments." *Id.* at 22. At step two, the ALJ found that Plaintiff has the following severe impairments: adjustment disorder with depression and anxiety, left club foot, and fused left ankle. *Id.* At the third step, the ALJ found that Plaintiff does not have an impairment or combination of impairments that met or medically equaled any of the Listings found in 20 C.F.R. § 404,

Subpt. P, Appx. 1   (20 C.F.R. §§ 404.1520(d),   404.1525,   404.1526,   416.920(d),   416.925 and 416.926).   *Id.*   The ALJ stated that the record shows that Plaintiff terminated his employment on June 5, 2009 for reasons unrelated to his foot or to depression, and that Plaintiff's impairments did not result in his inability to work until he injured his foot/ankle in August 2009. *Id.* at 25.   The ALJ stated that by July 9, 2010, Plaintiff returned to full-time employment, earning an amount in excess of the substantial gainful activity threshold.   *Id.*   Therefore, the ALJ found that Plaintiff did not have a continuous 12-month period during which he was unable to engage in substantial gainful activity due to his medical impairments, and, thus, has not been under a disability as defined in the Social Security Act from his alleged onset date of June 5, 2009 to the date of the decision.   *Id.*

## V.   Analysis

In his motion to reverse or remand, Plaintiff contends that the ALJ erred in finding that Plaintiff was not disabled for 12 consecutive months because the ALJ relied on non-medical evidence and ignored evidence from Plaintiff's treating doctor, treating physician's assistant, and physical therapist.   [*Doc. 17* at 1].   Plaintiff contends that the ALJ's finding that Plaintiff's disability onset date was August 2009, not June 2009, is in error because evidence in the record supports a finding that the onset date was June 2009.   *Id.* at 5-13.   Plaintiff contends that the supporting evidence the ALJ ignored includes: a pre-operative evaluation by Plaintiff's surgeon, Dr. Ochs (*id.* at 6, citing *Doc. 14-10* at 38); notations in Dr. Herfter's records and an assessment form prepared by Dr. Herfter (*Doc. 17* at 6-7, citing *Doc. 14-14* at 7-8 and *Doc. 14-11* at 14, 15 and 25); a medical assessment by Gregory J. Maroney, PA (*Doc. 17* at 9, citing *Doc. 14-14* at 41); and physical therapy records and an evaluation by Adrianne Aboytes-Lund, P.T. (*Doc. 17* at 10,

citing *Doc. 14-10* at 10-12). Plaintiff contends that the ALJ's failure to properly consider this evidence in his decision is reversible error.

In response, Defendant contends that substantial evidence supports the ALJ's finding that Plaintiff did not have a continuous 12-month period during which he was unable to engage in substantial gainful activity due to a medical impairment. [*Doc. 18* at 4]. Defendant contends that the ALJ did not err in finding that Plaintiff's disability onset date was August 2009, not June 2009, because Plaintiff testified at the hearing that he stopped working in June 2009 not due to any impairment, but, instead, due to a disagreement with his employer. *Id.* at 5 (citing the ALJ's decision, *Doc. 14-3* at 19-25, and Plaintiff's hearing testimony, *id.* at 37 and 48). Defendant notes that Plaintiff also stated in a disability report that he stopped working on June 5, 2009, due to being laid off from work, not due to a medical impairment. [*Doc. 18* at 5] (citing *Doc. 14-8* at 6). Defendant further notes that Plaintiff testified that he could not work beginning in August 2009 after jumping off of his roof, and that he did not start treatment for his alleged mental impairment until September 2009. [*Doc. 18* at 5] (citing *Doc. 14-3* at 36-37 and 41-42). Defendant contends that the medical evidence in the record does not support a finding that Plaintiff had a mental impairment in June 2009 because there is no mention in the record of a mental impairment until August 2009 and Plaintiff did not seek treatment for this alleged impairment until September 2009. [*Doc. 18* at 9].

In reply, Plaintiff contends that his statement at the hearing regarding leaving his job in June 2009 because he was laid off was more subtle than Defendant portrays it to be. [*Doc. 21* at 2]. Plaintiff maintains his contention that the ALJ erred in failing to consider the relevant evidence from January 2009 to July 2009 which showed the severity of Plaintiff's impairments,

7

and that the ALJ erred in finding that Plaintiff's disability onset date was August 2009, instead of June 2009.  *Id.* at 3-6.

To qualify for disability benefits, a claimant must establish that he is "disabled" under the Social Security Act, which is defined as "the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).  To determine the onset of disability, an ALJ considers: (1) a claimant's statement as to when his disability began; (2) the day that the claimed impairment caused the claimant to stop working; and (3) medical evidence relevant to the onset date. SSR 83-20, 1983 WL 31249 at *2; *see also* SSR 83-20 at *3 ("[T]he date alleged by the individual should be used if it is consistent with all the evidence available.  . . . However, the established onset date must be fixed based on the facts and can never be inconsistent with the medical evidence of record.").  "In some cases, it may be possible, based on the medical evidence to reasonably infer that the onset of a disabling impairment(s) occurred some time prior to the date of the first recorded medical examination, e.g., the date the claimant stopped working."  *Id.* at *3.

Here, Plaintiff stated in his applications that his disability onset date was June 5, 2009. *See* [*Doc. 14-7* at 4 and 9].  The ALJ, however, found that "[t]he record clearly establishes that [Plaintiff] terminated his employment on June 5, 2009 for reasons unrelated to his foot or depression," and that, "[b]ased on [Plaintiff's] testimony it is also clear that his impairments did not result in his inability to work until he injured his foot/ankle in August 2009." [*Doc. 14-3* at 25].  Since the ALJ found that Plaintiff was able to return to substantial gainful activity in July 2010 (*id.*), the ALJ found that Plaintiff was not disabled for 12 consecutive months. However, in the ALJ's determination of Plaintiff's disability onset date, the ALJ did not discuss

8

medical evidence relevant to the onset date as he was required to do by SSR 83-20.  For example, the ALJ did not discuss Dr. Ochs' notation on October 5, 2009, that Plaintiff "has presented over the *past several months* with pain in the subtalar region."  [*Doc. 14-10* at 38] (emphasis added).  Nor did he discuss Dr. Herfter's notations on February 2, 2009 and July 22, 2009, that Plaintiff was seen for foot pain in his left foot and ankle (*Doc. 14-11* at 14-15), or Dr. Ochs' notations regarding Plaintiff's complaint of left foot pain on February 9, 2009 (*id.* at 25), and left ankle pain on July 21, 2009 (*Doc. 14-10* at 11).  The ALJ also failed to note that the Medical Assessment of Ability To Do Work-Related Activities (Physical), completed by Dr. Herfter on April 20, 2010, states that the doctor was to consider Plaintiff's medical history from January 2009 to the current examination, and that this assessment found several limitations with regard to Plaintiff's left foot pain.  [*Doc. 14-14* at 7].  With regard to Plaintiff's alleged mental disability, the ALJ did not address the diagnosis of Jeanne Pierrot, LPCC, on September 3, 2009, of depressive disorder involving issues from childhood and his marriage which predate his job loss in June 2009.  *See* [*Doc. 14-13* at 48].

Instead of discussing this medical evidence, the ALJ appears to rely entirely on Plaintiff's testimony at the hearing regarding why Plaintiff stopped working in June 2009.  *See* [*Doc. 14-3* at 24-25].  While Plaintiff stated at his hearing that he stopped working in June due to a disagreement with his employer (*id.* at 37), the record also includes medical evidence regarding Plaintiff's left foot and ankle problems and depression prior to his leaving his job in June 2009, which the ALJ was required to discuss pursuant to SSR 83-20, especially since Plaintiff alleged an onset date of June 5, 2009 in his applications.  *See, e.g., Clifton v. Chater,* 79 F.3d 1007, 1010 (10th Cir. 1996) (an ALJ must "discuss the uncontroverted evidence he chooses not to rely upon, as well as significantly probative evidence he rejects").  In addition, if the medical evidence

regarding Plaintiff's onset date is ambiguous, the ALJ was required to consult a medical advisor, which was not done here. *See Blea v. Barnhart*, 466 F.3d 903, 913 (10th Cir. 2006) (stating that the ALJ "may not make negative inferences from an ambiguous record; rather, [he] must call a medical advisor pursuant to SSR 83-20") (citation omitted). Moreover, Defendant's attempt to supply the ALJ's explanation for rejecting the medical evidence regarding the onset date alleged by Plaintiff (*see Doc. 18* at 5-9) is an impermissible *post hoc* rationalization. *See Robinson v. Barnhart*, 366 F.3d 1078, 1084 (10th Cir. 2004) (explaining that reviewing courts may only evaluate an ALJ's decision "based solely on the reasons stated in the decision," and that it would be improper for a reviewing court or the Commissioner to "supply[] possible reasons" for an ALJ's decision after the fact) (citation omitted). For these reasons, the Court finds that the ALJ erred in failing to consider the medical evidence regarding Plaintiff's disability onset date and, thereby, failing to properly apply SSR 83-20. Therefore, this case should be remanded for further findings consistent with this opinion.

## VI.   Conclusion

For the reasons stated above, the Court **FINDS** that the Commissioner's decision should be remanded to properly consider the medical evidence regarding Plaintiff's alleged disability onset date, as set forth above.

**IT IS THEREFORE ORDERED** that, for the reasons stated above, Plaintiff's *Motion to Reverse and Remand for a Rehearing, With Supporting Memorandum (Doc. 17)* is **GRANTED** and this case is **REMANDED** to the Commissioner for further proceedings consistent with this Memorandum Opinion and Order.  A final order will be entered concurrently with this Memorandum Opinion and Order.

**IT IS SO ORDERED.**

_____
**THE HONORABLE LOURDES A. MARTÍNEZ
UNITED STATES MAGISTRATE JUDGE
Presiding by Consent**